**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ABRAHAM BARNES,

      Plaintiff,

     v.

TRUCK-LITE CO., LLC, *et al.*,

      Defendants.

No. 4:24-CV-00019

(Chief Judge Brann)

**MEMORANDUM OPINION**

**JUNE 13, 2024**

## I.    BACKGROUND

In March 2024, Plaintiff Abraham Barnes filed an Amended Complaint against Clarience Technologies, LLC, Truck-Lite Co., LLC, and Kessel Construction Inc.[1] In April 2024, Clarience and Truck-Lite (the "Answering Defendants") filed an Answer to Barnes' Amended Complaint, listing eighteen affirmative defenses.[2] Affirmative Defenses 1-10 read as follows:

> [#1:] Plaintiff's First Amended Complaint fails to state a cause of action upon which relief can be granted.
> [#2:] Discovery may reveal that Plaintiff failed to mitigate his damages.
> [#3:] Discovery may reveal that some of Plaintiff's medical conditions and limitations preexisted the date of the subject incident and were not caused or aggravated by the subject incident.
> [#4:] Discovery may reveal that some of Plaintiff's alleged medical conditions and limitations were caused or aggravated by events that occurred subsequent to the date of the subject incident.

---

[1]    Amended Complaint, Doc. 19.
[2]    Answer, Doc. 26 at 11-15.

[#5:] Any act(s) or omission(s) of Answering Defendant alleged to constitute negligence may not be substantial factors or factual causes of the subject incident and/or may not have resulted in the injuries and/or losses alleged by Plaintiff.

[#6:] The negligent acts or omissions of other individuals and/or entities may have constituted intervening and/or superseding causes of the damages and/or injuries alleged to have been sustained by Plaintiff.

[#7:] Plaintiff's claims may be barred by the applicable statutes of limitation.

[#8:] Plaintiff's claims may be barred by release.

[#9:] The defense of assumption of the risk may apply.

[#10:] This action may be barred in whole, or in part, by the doctrine of collateral estoppel and/or res judicata.[3]

In May 2024, Barnes filed a Motion to Strike Affirmative Defenses made in Clarience and Truck-Lite's Answer.[4] The motion is now ripe for disposition.

In sum, this case revolves around a slip-and-fall accident which occurred due to an allegedly unattended roof leak.[5] Barnes also alleges that the leak was caused by negligent repairs.[6] As a result of slipping in the indoor puddle caused by the leak, Barnes sustained serious injuries.[7] Each of the three counts in Barnes' amended complaint is a negligence claim under Pennsylvania state law.[8]

---

[3] *Id.* at 11-12.

[4] Motion to Strike, Doc. 31.

[5] Amended Complaint, Doc. 19 ¶¶12-13, 20-22

[6] *Id.* ¶¶14-15

[7] *Id.* ¶¶31-43.

[8] Amended Complaint, Doc. 19 at 8-14. Barnes' Reply Brief states that this case involves "tort and contract issues." Doc. 39 at 3. But the Amended Complaint only vaguely references the contractual relationships which were at play, states nothing about breach of contract, and discusses only negligence issues in Counts I-III. I therefore assume, for purposes of this motion, that the "contract issues" referenced in Barnes' Reply Brief relate to Defendants' affirmative defenses and not his claims for relief.

Rather than reaching the merits, this motion concerns the much drier issue of the pleading requirements for affirmative defenses under the Federal Rules of Civil Procedure. Barnes' motion is denied except as to affirmative defenses 7, 8, and 10, and Answering Defendants are granted leave to amend.

## II.   LAW

When pleadings contain an "insufficient defense," a party may move to strike under Federal Rule of Procedure 12(f). "[A] motion to strike under Rule 12(f) is the 'primary procedure' for objecting to an insufficient affirmative defense."[9] District Courts have broad discretion to grant a Rule 12(f) motion to strike.[10] However, striking pleadings is a "drastic remedy" to be used "sparingly."[11] Motions to strike are generally disfavored, and should not be used as a substitute for a motion to dismiss or a motion for summary judgment. "[T]hey should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more parties to the action."[12] The narrow purpose of a motion to strike is to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."[13]

---

[9]   *United States v. Marisol, Inc.*, 725 F.Supp. 833, 836 (M.D. Pa. 1989).
[10]   *Wirt v. Bon-Ton Stores, Inc.*, 134 F.Supp. 3d 852, 857 (M.D. Pa. 2015).
[11]   *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 142 (E.D. Pa. 2011).
[12]   *Mifflinburg Tel., Inc. v. Criswell*, 80 F.Supp. 3d 566, 577 (M.D. Pa. 2015).
[13]   *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp. 2d 393, 402 (E.D. Pa. 2002).

Barnes argues throughout his briefings that because Answering Defendants use the word "may" in several of their affirmative defenses, these defenses are "speculative in nature."[14] Barnes also argues that Answering Defendants' affirmative defenses are "conclusory" because they are not accompanied by a "short and plain statement of facts."[15] These objections confuse the requirements for showing a claim under Federal Rule of Civil Procedure 8(a) with those for stating an affirmative defense under Federal Rule of Civil Procedure 8(c).[16]

The bad faith, speculative pleading prohibited by Rule 8(c) only comes into play when a party pleads affirmative defenses in such a way that their logical relevance to the lawsuit is not apparent from the pleadings.[17] A defendant may raise an affirmative defense in good faith without yet knowing whether it will be supported by discovery, for the defendant lacks necessary information, faces

---

[14]  Motion to Strike, Doc. 31 ¶¶29-33; Brief in Support, Doc. 32 at 7-9; Reply Brief, Doc. 39 at 1.

[15]  Motion to Strike, Doc. 31 ¶33; Brief in Support, Doc. 32 at 8-9.

[16]  Out-of-circuit authorities apply the plausibility standard to affirmative defenses, but even these decisions apply a more forgiving standard considering the restrictive filing deadlines for defendants to plead affirmative defenses. *See GEOMC Co. v. Calmare Therapeutics, Inc.*, 918 F.3d 92, 98 (2d Cir. 2019). But this Circuit has rejected that standard, so this Court rejects Barnes' request to apply it.

[17]  Barnes notes in his Reply Brief that this Court struck the affirmative defenses in *Mifflinburg Tel., Inc.*. Reply Brief, Doc. 39 at 2. But in *Mifflinburg Tel., Inc.*, this Court only struck all the affirmative defenses because it was apparent that that defendant had rotely pled a boilerplate list of generally available affirmative defenses without any inquiry into which defenses were relevant to the suit; this Court dismissed all her defenses with leave to amend rather than affording her the benefit of reviewing each defense to see what survived. *Mifflinburg Tel., Inc.*, 80 F.Supp. 3d at 574. This case is different; there is no bad faith, boilerplate, prophylactic pleading, and the logical relevance of most of these defenses in a tort case is facially apparent. So making these Defendants replead all of their affirmative defenses serves no purpose.

narrow filing deadlines, and faces the severe consequence of potentially waiving the defense if he fails to raise it in his first responsive pleading. Moreover, in contrast to the plausibility requirements applicable to a complaint, "Rule 8(c) applies to affirmative defenses and requires a party only to 'affirmatively *state* any avoidance or affirmative defense.'"[18]

As this Court explained in *Mifflinburg Telegraph, Inc. v. Criswell*,

'[S]tating' an affirmative defense provides 'fair notice' without specific factual allegations for each element of the defense as long as the defense is logically within the ambit of the general factual allegations in the litigation. Stated otherwise, the plaintiff must be able to infer why an affirmative defense may be germane to the litigation based on some general allegations in the pleadings . . . A party may satisfy the fair notice requirement by including a short and plain statement of the grounds for asserting an affirmative defense that demonstrates a logical relationship to the lawsuit or refer to general facts elsewhere in any parties' pleadings.[19]

"An affirmative defense generally 'need not be articulated with any rigorous degree of specificity, and is sufficiently raised for purposes of [Federal] Rule [of Civil Procedure] 8 by its bare assertion."[20] "Nevertheless, the party asserting the defense must actually do so, and in a way that gives fair notice of that defense."[21] "The purpose of requiring the defendant to plead available affirmative defenses in

---

[18]   *Mifflinburg Tel., Inc.*, 80 F.Supp. 3d at 573.

[19]   *Id.* at 574.

[20]   *Moody v. Atlantic City Bd. of Ed.*, 870 F.3d 206, 218 (3d Cir. 2017) (quoting *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997)). *Moody* arose in the context of waiver, but in its analysis, the Third Circuit determined when in the litigation the affirmative defense was raised. That required it to apply the same fair notice standard relevant here.

[21]   *United States v. CITGO Asphault Ref. Co. (In re Frescati Shipping Co.)*, 886 F.3d 291, 313 (2018). *CITGO* arose in the same context as *Moody*.

[its] answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed."[22]

By way of example, the United States Court of Appeals for the Third Circuit held in *United States v. CITGO Asphalt Ref. Co. (In re Frescati Shipping Co.)* that generally pleading a statute setting out an affirmative defense fails to provide fair notice when the statute contains multiple affirmative defenses.[23] On the other hand, the Third Circuit held in *Moody v. Atlantic City Board of Education* that pleading conduct which implicated the elements of an affirmative defense put the plaintiff on notice even where the defendant failed to explicitly name the affirmative defense at issue.[24]

In essence, a well-pled affirmative defense cannot be written so vaguely that it implicates multiple distinct theories, and it must be apparent from the pleadings why this defense is relevant to the case. Depending on the unique context of the pleadings, some defenses may require elaboration to demonstrate their relevance to the case, but in most cases, the defense's relevance is facially apparent, and notice is provided without any such elaboration.

---

[22] *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002).
[23] *Citgo*, 886 F.3d at 313.
[24] *Moody*, 870 F.3d at 218.

## III.   ANALYSIS

Here, affirmative defenses 2 and 9 are facially connected to the plaintiff's claims, affirmative defenses 7, 8 and 10 are inadequately pled, and the remaining defenses are actually general defenses but will not be stricken on this basis.

Defense 2 contends that Barnes may have failed to mitigate his damages. Simply because Barnes brings a negligence suit, it is clear what relevance mitigation has. Mitigation is a "familiar tort defense commonly raised in personal injury actions"[25] which prohibits the injured person from "recover[ing] damages for any harm that he could have avoided by the use of reasonable effort or expenditure after the commission of the tort."[26] Pleading mitigation puts Barnes on notice that Defendants may base an affirmative defense on what medical care or other assistance he sought after his accident.[27]

Defense 9 refers to the "assumption of the risk" doctrine, which "bars a plaintiff from recovering in tort for risks inherent to a certain activity."[28] Again, since Barnes brings a negligence suit, the relevance of this defense is facially apparent. Barnes is on notice that this defense relates to whether he was engaging

---

[25] *See Armbruster v. Eskola*, No. 4:21-CV-02070, 2022 U.S. Dist. LEXIS 182743, at *10 (M.D. Pa. Oct. 5, 2022).

[26] AM. L. INST., SECOND RESTATEMENT OF TORTS § 918 (1979)

[27] *See Armbruster*, 2022 U.S. Dist. LEXIS 182743, at *10-11 (explaining that mitigation is a "familiar tort defense[] commonly raised in personal injury actions" dealing with a plaintiff's own conduct, so pleading this defense without further elaboration provides fair notice).

[28] *Nissley v. Candytown*, 913 A.2d 887, 892 (Pa. Super. Ct. 2006).

in an activity, at the time of his accident, carrying an inherent risk of the type of slip-and-fall injury he sustained.[29]

Defense 7 raises a statute of limitations defense. This defense is insufficiently pled because it does not identify the relevant statute; the burden is on Answering Defendants, not Barnes, to show the relevance of this defense and narrow the scope of litigation by identifying the statute of limitations relevant to its claim.[30]

Defense 8 pleads "release." The affirmative defense of release refers to an agreement by the plaintiff to extinguish his right to sue, typically through settlement contracts.[31]  But the requirements for a plaintiff to release his claims under the Pennsylvania Workers' Compensation Act are different; for example, a proposed compromise signed by both parties must be considered in open hearing by the workers' compensation judge and approved.[32] So Answering Defendants, like the defendant in *CITGO*, have pled this affirmative defense in such a manner that it could refer to separate, legally distinct defenses, failing to provide Barnes

---

[29]  *See Ambruster*, 2022 U.S. Dist. LEXIS 182743, at *10-11 (explaining that assumption of the risk, like mitigation, is a "familiar tort defense[] commonly raised in personal injury actions" dealing with a plaintiff's own conduct, so pleading this defense without further elaboration provides fair notice).

[30]  *See Armbruster*, 2022 U.S. Dist. LEXIS 182743, at *11-12 (generally pleading statute of limitations was insufficient); *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 146-47 (E.D. Pa. 2011) (striking "bare bones" statute of limitations defenses because defendant "neglects to identify which statutes of limitations are at issue"); *United States v. Sensient Colors, Inc.*, 580 F.Supp. 2d 369, 378 (D.N.J. 2008).

[31]  *Complaint of Bankers Trust Co.*, 752 F.2d 874, 883 (3d Cir. 1984).

[32]  77 P.S. § 1000.5.

with proper notice or to properly streamline the litigation towards the specific theory of release relevant to this lawsuit.[33] Answering Defendants clarify in their brief in opposition that they plan to raise a release defense under the Pennsylvania Workers' Compensation Act if discovery reveals that Barnes accepted workers' compensation benefits for his injury.[34] But the parties may not, of course, amend their pleadings through a brief in opposition.[35]

Answering Defendants argue that because they allege that they may qualify as Barnes' employers under the Pennsylvania Workers' Compensation Act, it may be inferred that they alleged this fact to support their release claim under the same statute.[36] But the pleadings leave Barnes guessing as to whether this generic release claim is pled on such a basis. As it stands, the pleadings could apply equally to a release claim based on a settlement agreement outside of the Pennsylvania Workers' Compensation Act's purview, a defense Barnes would rebut through a legally distinct showing.

Defense 10 refers to collateral estoppel and/or res judicata. Collateral estoppel bars a court from relitigating an issue which has already been decided in a

---

[33] *See CITGO*, 870 F.3d at 313-14 (generally alleging affirmative defense under Oil Pollution Act insufficient to raise defense under Rule 8(c) where this could have applied to "a number of potential affirmative defenses" included under the Act).

[34] Brief in Opposition, Doc. 38 at 7.

[35] *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (explaining that a plaintiff opposing a motion to dismiss may not amend his complaint through allegations inserted into his brief in opposition).

[36] *See* Brief in Opposition, Doc. 38 at 7.

prior case.[37] Likewise, res judicata bars a court from relitigating a cause of action with the same parties once it has been judged on the merits.[38] This Court grants the motion to strike defense 10 because this defense is not within the logical ambit of anything in the pleadings, and therefore require elaboration to provide sufficient notice. Neither Barnes nor Answering Defendants allege in the pleadings that Barnes has resolved any issue touching upon his accident, or the case between these parties themselves, in a prior forum.[39]

Finally, I note that defense 1, that the complaint fails to state a cause of action upon which relief can be granted, is not an affirmative defense at all. Rather, it recites the motion to dismiss standard under Rule 12(b)(6). Likewise, defenses 3, 4, 5, and 6 are not affirmative defenses either. Rather, these are general defenses, also referred to as negative defenses, because they seek to refute Barnes' prima facie case. But general defenses such as these need not be pled at all, because plaintiffs are always on notice that defendants will contest elements of their prima

---

[37] *Peloro v. United States*, 488 F.3d 163, 164 (3d Cir. 2007).

[38] *See Chen v. Fairfield Twp.*, 354 F.App'x 656, 658 (3d Cir. 2009).

[39] *See Armbruster*, 2022 U.S. Dist. LEXIS 182743, at *11-12 (granting motion to strike res judicata and collateral estoppel defenses because defendants "do not identify any judgment in any prior case that could preclude the instant action"); *Alliance Indus. Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*, Civil Action No. 13-2510, 2014 U.S. Dist. LEXIS 127601, at *7 (E.D. Pa. Sep. 11, 2014) ("Defendant asserts Plaintiffs' claims are barred 'by the doctrines of . . . collateral estoppel, and/or res judicata' . . . without articulating any of the legal elements to support them. This is insufficient."); *2109971 Ontario Inc. v. Best Deals Disc. Furniture LLC*, No. 2:22-cv-03557 (BRM)(JSA), 2023 U.S. Dist. LEXIS 72293, at *17-18 (striking "singular statement" that plaintiff's claims are barred by "res judicata" because "in addition to being rote citations, these types of statements are plainly conclusory, affording 'no notice whatsoever to Plaintiff' making 'it impossible for Plaintiff to adequately respond'") (D.N.J. Apr. 25, 2023). I also note that any such prior judgments are matters of public record.

facie case by opposing their suit.[40] On this score, pleading defenses 3, 4, 5, and 6 causes no prejudice and striking them serves no purpose.[41] Barnes will have to defend against them whether they are stricken or not.

## IV.   CONCLUSION

In conclusion, I note that "[m]otions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character. Thus, even when technically appropriate and well-founded, Rule 12(f) motions are often not granted in the absence of a showing of prejudice to the moving party."[42] The consequences for failing to plead affirmative defenses are harsh, and the deadline to include them in a defendant's first responsive pleading is strict. On the other hand, I acknowledge that "[t]he assertion of prophylactic affirmative defenses is not harmless. It expands discovery in the case and makes it harder to get cases to resolution."[43] So the pleading requirements for

---

[40]   *See Beard v. Helman*, No. 4:21-CV-00680, 2024 U.S. Dist. LEXIS 39622, at *20-24 (M.D. Pa. Mar. 6, 2024) (discussing affirmative defenses).

[41]   *See See also Armbruster*, 2022 U.S. Dist. LEXIS 182743, at *10 ("As Plaintiff carries the burden to prove these elements, she is not prejudiced by Defendants' general denials."); *In re Merck & Co.*, No. 08-CV-1974, 2010 U.S. Dist. LEXIS 62529, at *2 (D.N.J. June 23, 2010) ("[A]lthough the defense [of failure to state a claim] is arguably redundant in that it is essentially a general denial, there is no prejudicial harm to plaintiff and the defense need not be stricken") (quoting *Cnty. Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 154 (S.D.N.Y. 2002)); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1271 (4th ed. 2023) ("[A] pleader, to avoid waiving an otherwise valid defense, often will decide to set up affirmatively matter that technically may not be an affirmative defense . . . Normally, that pleader will not be penalized for exercising caution in this fashion even when affirmative pleading proves to be unnecessary.").

[42]   5C WRIGHT & MILLER § 1381.

[43]   *Desandies v. Encore Grp. (USA), LLC*, No. 2:24-cv-01044-JDW, 2024 U.S. Dist. LEXIS 71580, at *6 (E.D. Pa. Apr. 19, 2024).

affirmative requirements should be controlled by neither an unrealistic rigidity enabling abusive tactics, nor an "anything goes" approach allowing prophylactic pleading and needlessly broadening discovery.

The text of Rule 8(c) balances these concerns best by lowering the bar set by Rule 8(a). It demands only that the party "state" any affirmative defense such that the opposing party receive fair notice of its logical connection to the case.

Here, Barnes' motion to strike is granted as to Defenses 7, 8, and 10 because defenses 7 and 8 fail to give fair notice of the defense at issue and the logical relevance of defense 10 to this case is not apparent from the pleadings. Answering Defendants are granted leave to amend these defenses.[44] Doing so causes no prejudice to Barnes, and it will streamline the litigation by narrowing these defenses to their relevant contexts in this lawsuit.

An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[44]  *See* 2 MOORE'S FEDERAL PRACTICE – CIVIL § 12.37 ("If a motion to strike is granted, the court should ordinarily grant the defendant leave to amend so long as there is no prejudice to the opposing party.").